UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

**Jon Q. Wright d/b/a JQ Licensing, LLC**     :

   **Plaintiff,**     :     Case No. _____

   v.     :

**Molly Greiner d/b/a Lake Winnie's Gosh Dam Place,**     :     **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

   :

   **Defendant.**     :

---

## COMPLAINT

Plaintiff Jon Q. Wright, d/b/a JQ Licensing, LLC, ("JQW" or "Plaintiff") by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. This action arises from Defendant's willful copyright infringement of Plaintiff's copyrighted and valuable illustration of highly detailed depiction of a walleye fish jumping out of the water trying to catch a lure, registered as one of a collection of works under U.S. Copyright Registration No. VA 1-153-915 (hereafter, "Legends Walleye Illustration" or "Work").  Plaintiff seeks to obtain injunctive relief against Defendant to stop its infringement and prevent any further unlawful copying and infringement of Plaintiff's Work.  Inasmuch as Defendant's infringement has damaged Plaintiff's business and threatens to damage it further, Plaintiff also seeks injunctive relief, declaratory relief, and damages for the full amount of

1

Plaintiff's losses, plus statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. § 504(c).

## THE PARTIES

2. Plaintiff Jon Q. Wright is an individual domiciled and residing in the State of Montana and author of various fish illustrations, including the Legends Walleye Illustration, shown *infra*.

3. Wright is the author and owner of the Legends Walleye Illustration.

4. Wright is a member of JQ Licensing LLC, a limited liability company duly formed under the laws of the State of Minnesota and registered in the State of Montana as a foreign limited liability company (hereafter, "JQ Licensing"). Wright licenses his artwork exclusively through JQ Licensing.

5. Defendant Molly Greiner, d/b/a Lake Winnie's Gosh Dam Place, is a sole proprietorship organized under the laws of the State of Minnesota with its principal place of business located at 38589 Hwy 46, Deer River, MN 56636 and is a motel, restaurant and bar ("GDP" or "Defendant").

## JURISDICTION AND VENUE

6. Defendant GDP unlawfully reproduced and displayed the copyrighted Work on marketing and advertising materials in a newspaper without obtaining permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. § 501.

7. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended).

8. This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1440 in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and the judicial district in wherein the Defendant can be found.

## FACTS COMMON TO ALL CLAIMS

10. In 2001, Plaintiff authored several fish designs, including without limitation, the Legend Series: Walleye Illustration ("Illustration"), which consists of a highly detailed depiction of a walleye fish jumping out of the water after a lure. An image of the Illustration is shown below:



11. Plaintiff duly registered the Illustration with the U.S. Copyright Office under Registration No. VA 1-153-915, as a collection of illustrations of different species of fish, all authored by JQW ("Registration").  The Registration, entitled "Legend Series Artwork" has an effective date of June 1, 2001.  A copy of the Registration with corresponding deposit materials is attached as **Exhibit A**.

12. JQW's practice of creating highly detailed and unique wildlife illustrations is an extraordinarily time-consuming process, involving a dizzying multiplicity of steps.

13. In order to create his detailed fish illustrations, including the Illustration at issue here, JQW first faces the laborious task of catching a trophy-sized specimen of the subject fish.

14. Once a trophy fish is caught, JQW takes detailed photographs of the fish, freezes and then partially thaws the fish in order to mold the body into the desired position.  He then impales the fish on a stake and captures a 360° perspective of the fish by taking a series of photographs.

15. Only then does JQW begin the sketching process, referring to the photographs to capture accurate scale, detail, positioning, coloring and other visual aspects of the fish.  He then painstakingly depicts the precise details of the fish with detail paint brushes, all this done in an effort to make the finished illustration as realistic as possible.

16. At times, JQW has taken artistic liberties with certain aspects of the fish when the anatomy is distorted in the photographs.  He has taken creative license with certain body parts, including body and tail length in order to depict the fish "in action," swimming in freshwater.

17. JQW's artwork has been painstakingly created, with each minute detail being depicted precisely in the artwork.

18. JQW estimates that he has spent hundreds of hours painting a single one of his fish illustrations, touching each individual painted scale with a paintbrush between three and five times.

19. JQW's artwork is very valuable, as there are not many artists painting freshwater fish, and even fewer creating works with the type of detail used by Defendant.

20. Because of Wright's unique talents, and painstaking attention to detail, his artwork is highly pursued and often misappropriated.

21. Wright's success as a wildlife illustrator has been dependent on experience, patience and dedication, and each of his paintings is built on his talent and 40 years of expertise.

22. Upon information and belief, GDP has been in business for approximately 65 years.

23. Upon information and belief, GDP offers patrons a full-service restaurant and bar as well as motel accommodations.

24. Upon information and belief, GDP regularly advertises in newspapers, via its own website, www.goshdamplace.com, via www.exploreminnesota.com, and via the social media site Facebook.

25. In 2015, JQW discovered that Defendant GDP was using one of his valuable and copyrighted illustration, "Walleye Green Lure," in its advertising. That infringing use is not the subject of the present complaint, however that illustration also depicts a fish jumping from the water. "Walleye Green Lure" is a separate and distinct copyrighted work from that which is the subject of this complaint.

26. At or about that time, JQW communicated to GDP of their infringing use of the copyrighted illustration "Walleye Green Lure." The parties were able to resolve the 2015 infringement via a settlement agreement.

27. This prior infringement demonstrates that GDP has knowledge of, and access to JQW's copyrighted works. Nevertheless, GDP then continued its infringing behavior by willfully and unlawfully using the subject Illustration in newspaper advertisements, without the permission of JQW.

28. Upon information and belief, GDP's newspaper advertisements bearing Plaintiff's Illustration were published in the Grand Rapids Herald Review on no fewer than three occasions, at least appearing on September 14, 2016, May 3, 2017, and May 2, 2018. These infringing uses are annexed hereto as **Exhibit B.** A side-by-side comparison of JQW's Illustration and GDP's newspaper advertisements on the aforementioned dates are displayed below:





29. Upon information and belief, GDP used Plaintiff's Illustration on advertising without first determining whether the Illustration was available for use.

30. Upon information and belief, unbeknownst to Plaintiff, Plaintiff's Illustration was used by GDP in connection with the marketing, advertising and promotion of its business after GDP had full knowledge of JQW and the nature of his fish illustrations as original, copyrighted designs, as evidenced by GDP's prior infringement and the settlement agreement that resulted therefrom.

31. Defendant's newspaper advertisements bear unlawful reproductions of Plaintiff's Illustration, using the same without Plaintiff's authorization or knowledge.

32. Upon discovery of the infringing uses of the Illustration, Plaintiff's counsel contacted Defendant in the hopes of amicably resolving the matter without litigation.

33. At that time, Defendant unequivocally stated that the newspaper company created the infringing advertisements without Defendant's knowledge or request.

34. Counsel for Plaintiff investigated this allegation by contacting the publisher for the Grand Rapids Herald Review, Mark Roy. He indicated that the subject infringing advertisements were already produced when the newspaper received them and no additional design work was performed by the newspaper.

35. Additionally, Mr. Roy indicated that there is a company policy that no advertisement is created or published, without receiving the approval of the customer.

36. Upon information and belief, it is readily apparent that GDP attempted to deceive Plaintiff's counsel in order somehow shift attention to another party. GDP's dishonest behavior further evidences their knowledge that their continuing use of Plaintiff's work was willful and unlawful.

37. Defendant willfully utilized Plaintiff's Illustration, and with blatant and reckless disregard for Plaintiff's rights in and to the Illustration, by failing to ensure its use of the same was proper, despite the fact that GDP knew or should have known of its infringing nature.

38. Because of Defendant's infringement of Plaintiff's copyrights in and to the Illustration, Plaintiff has suffered significant damage. Specifically, Plaintiff has lost royalties and licensing revenue and has suffered dilution and diminishment of the value of the Illustration.

## COUNT I
### (COPYRIGHT INFRINGEMENT – 17 U.S.C. §101)

39. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Plaintiff is the sole owner of the Illustration and holds a valid copyright registration in accordance with the United State Copyright Act.

41. Defendant had access to Plaintiff's Illustration and continually used the Illustration until at least May 2, 2018, if not later.

42. The fish illustration depicted on Defendant's newspaper advertisements is identical to Plaintiff's Illustration.

43. Defendant has infringed Plaintiff's rights by copying the Illustration and subsequently creating, making and/or developing directly infringing work and/or derivative work from the Illustration, namely, Defendant's newspaper advertisements.

44. Due to Defendant's continuing acts of infringement, Plaintiff has suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated works.

45. Upon information and belief, Defendant has committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief.

46. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of Plaintiff's Illustration.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. that the Court enter judgment against Defendant setting forth that Defendant has willfully infringed Plaintiff's federally registered copyright as contemplated by 17 U.S.C. §504(c)(2);

B. alternatively, that the Court enter judgment against Defendant setting forth that Defendant has infringed Plaintiff's federally registered copyright pursuant to 17 U.S.C. § 501;

C. that Defendant and its respective agents, officers and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Illustration;

D. impounding all unauthorized material that bears infringing copies of Plaintiff's copyrighted Illustration in the possession or control of Defendant pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Illustration, pursuant to 17 U.S.C. §503(b);

E. that Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages for willful infringement as available under 17 U.S.C. § 504(c);

F. that Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 504(c) or other applicable statute;

G. that Plaintiff be awarded pre-judgment interest as allowed by law;

H. that Plaintiff be awarded the costs of this action; and

I. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff JQ Licensing, LLC hereby demands a jury trial for all issues triable to a jury.

Respectfully submitted,

Date:  August 31, 2020

By: /e/ Nathan M. Hansen
Nathan M. Hansen
Attorney at Law
2440 Charles Street North, Ste 242
North St. Paul, MN 55109
MN Attorney Reg. No. 0328017
651-704-9600
nathan@hansenlawoffice.com

DANCHUK LAW, LLC

By: /e/ Dmitry Lapin
Dmitry Lapin, Esq.
Admitted in Southern District of New York
NY Attorney License Number: 5224027
2 Victoria Lane
Falmouth ME 04105
dmitry@emilyesquire.com
207-747-4135
*Pro Hac Vice forthcoming*

*Attorneys for Plaintiff Jon Q. Wright, d/b/a JQ Licensing, LLC*